No. 15-25-00005-CV

ACCEPTED
15-25-00005-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/12/2025 4:17 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/12/2025 4:17:36 PM
CHRISTOPHER A. PRINE
Clerk

# In The
# Fifteenth Court Of Appeals

◆

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

◆

## APPELLANT'S EMERGENCY MOTION TO ABATE APPEAL AND REMAND CASE FOR LIMITED EVIDENTIARY HEARING REGARDING FRAUD ON THE COURT AND POST-JUDGMENT EVENTS

◆

JOHNNY R. PARTAIN
7020 N 16th Street
McAllen, Texas 78504
956-240-1821

No. 15-25-00005-CV

---

# In The
# Fifteenth Court Of Appeals

———— ♦ ————

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

———— ♦ ————

## APPELLANT'S EMERGENCY MOTION TO ABATE APPEAL AND REMAND CASE FOR LIMITED EVIDENTIARY HEARING REGARDING FRAUD ON THE COURT AND POST-JUDGMENT EVENTS

———— ♦ ————

TO THE HONORABLE JUSTICES OF THIS COURT OF APPEALS:

COMES NOW JOHNNY PARTAIN, Appellant in the above styled and numbered cause and files his Appellant's Emergency Motion To Abate Appeal And Remand Case For Limited Evidentiary Hearing Regarding Fraud On The Court And Post-Judgment Events, and requests this Court to abate the appeal and remand the case for the limited purpose of supplementing the record with a final judgment issued from a controlling parent case in

Hidalgo County District Court; and to allow the Travis County District Court to review its own jurisdiction.

## I. STATEMENT OF JURISDICTION AND APPELLATE RULE BASIS

1.       This Court probably doesn't have jurisdiction over this appeal from the final judgment signed on December 19, 2024, since the judgment was founded in fraud and violations of Johnny Partain constitutional rights to compensation and due process. This motion is grounded in the Court's inherent power to ensure judicial integrity, its authority under Texas Rule of Appellate Procedure 2 to suspend rules for good cause, and the necessity of allowing the trial court to exercise its fact-finding authority regarding matters that occurred post-judgment.

## II. STATEMENT OF FACTS AND THE GRAVITY OF THE ALLEGATION

2.       The judgment currently on appeal was rendered by the trial court (no actual trial) based explicitly on the representations by the Appellee, the State of Texas via it counsel at the time, Ali Thorburn, that a final judgment existed in a related, case no. C-0929-12-F, in Hidalgo County 332nd District Court (Hidalgo). These representations form the very basis for the appealed judgment.  Specifically, the State represented in its First Amended Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction that based on its "information and belief",  the State did not owe Johnny Partain

a debt (C.R. 10, ¶ 10-14) and that it was entitle to relief under the statute. The State misrepresented and argued that "The [Hidalgo] Court dismissed Partain's claims (cause no. C-0929-12-F) with prejudice on January 4, 2021" through a final order. C.R. 10-11, ¶ 15. The State did not actually try to litigate Appellant's inverse condemnation claims from the Hidalgo Court in the Travis Court; it just relied on its representations that there was a final order against the Appellant pursuant to an illegal interlocutory order (C.R. 201-205) that was recently vacated by the Hidalgo Court.

3.      Crucially, after all appellate briefs were filed in this Appeals Court, the Hidalgo District Court signed an actual Final Judgment [Attach as Exhibit A] that explicitly vacated the prior interlocutory order that the State relied upon, contradicting the basis and the jurisdiction for the judgment being appealed herein. The Hidalgo Court's final order is ironically the center of the instant litigation, and yet it is not in evidence. The prior representation by the State to the Travis County District Court in case no. D-1-GN-24-002560 (Travis) that a "final judgment" existed is now demonstrably false, not even require fact finding. But this Appeals Court refuses to take judicial notice of its existence, hence this motion.

4.      This Hidalgo Court's final order has been presented to this Appeals Court, ad nauseum, through *Appellant's Motion To Dismiss The District Case On Mootness* filed on August 29, 2025, *Appellant's Motion For Rehearing/Clarification And Reconsideration Of Order Denying*

*Motion To Dismiss For Lack Of Jurisdiction* filed on December 2, 2025, and *Appellant's Motion To Take Judicial Notice Of Final Judgment Pursuant To TRE 201 (c) (2)* filed on September 30, 2025. Appellant has challenged the Travis Court's jurisdiction (ignored) and this Court's jurisdiction (ignored) to collaterally attack his final judgment in the Hidalgo Court or to violate his rights under the Constitutions. This Court has resisted all of Appellant's attempts to provide proof of the State of Texas' fraud on the Court, to address its jurisdiction, or to acknowledge the final judgment from a primary parallel case which the order appealed herein is based even though the Appellant has labored through all the correct processes. This is disturbing.

5.     The "matter of fraud" is not a matter of simple clerical error or an oversight; it is evidence of a potential "unconscionable plan or scheme designed to improperly influence the court in its decision," which constitutes a "fraud on the court" by the State of Texas and a violation of Appellant's rights to his property and due process. The gravity of a state's attorney making such a misrepresentation threatens the integrity of the entire judicial process. The reluctance of this Court to take notice of evidence of fraud through an adjudicated fact, a final judgment, aggravates the injury to Johnny Partain. This needs to be cured immediately.

### III. ARGUMENT FOR ABATEMENT AND REMAND

6.     A motion to abate must (1) identify any impediment to the continuation of the suit, (2) identify an effective cure, and (3) ask the court to abate the suit until the defect is corrected. Truong, 99 S.W.3d at 216.

7.     The basis for this motion to abate is the undisputed finality of the subsequent order from the Hidalgo case, which strips this Court of jurisdiction through Mootness as briefed in Appellant's Motion To Dismiss The District Case On Mootness filed on August 29, 2025, Appellant's Motion For Rehearing/Clarification And Reconsideration Of Order Denying Motion To Dismiss For Lack Of Jurisdiction filed on December 2, 2025, and Appellant's Motion To Take Judicial Notice Of Final Judgment Pursuant To TRE 201 (c) (2). Appellant hereby incorporates each of the preceding motions, as if fully stated herein. Hidalgo Court's final judgment is an adjudicative fact that this Court has been asked to judicially notice as required by TRE 201 (c) which would cure the impediment, and yet this Court refuses to take judicial notice or to give clarification to justify its own authority. The next option to cure this impediment is to abate this appeals case and return it to the Travis District Court for review and to test its jurisdiction.

8.     Except on the Appellant's motions, or this Court's actions, sua sponte, to take judicial notice of the final judgment of the Hidalgo District Court once it is brought to your attention, an appellate court typically cannot consider evidence outside the record.

However, it must address Appellant's claims that the judgment under review is void due to fraud affecting the court's jurisdiction or that these courts lacks authority to act.

- Necessity of Fact-Finding: This Court cannot make an initial factual determination as to whether the former State's attorney knowingly misrepresented the status of the other case to acquire a judgment by fraud. That fact-finding role belongs exclusively to the trial court. The appellate process is designed for reviewing legal errors based on an established record, not creating a new record.

- Post-Judgment Events & Inherent Power: When a material, post-judgment event fundamentally alters the jurisdictional landscape of the case or reveals potential fraud, and if the Appeals Court is going to refuse to take judicial notice of a Texas District Court's final orders in the parent case, then abatement and remand is the next appropriate mechanism to allow the trial court to exercise its fact-finding function and review its jurisdiction.

- Ensuring Justice: A judgment obtained by fraud is void ab initio. To proceed with this appeal while ignoring a direct contradiction to the judgment's foundation, particularly when State's counsel is involved in fraud, would result in a manifest injustice. The courts must address fraud by its own officers.

## IV. PRAYER

WHEREFORE PREMISES CONSIDERED, Johnny Partain moves this Court to abate this Appeal and remand the case back to the trial court for a limited evidentiary hearing on the issue of "fraud on the court" and the effect of the subsequently entered final judgment in case no. C-0929-12-F, in Hidalgo County 332nd District Court; and for any and all other relief to which the Appellant may be justly entitled.

Respectfully Submitted,

Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

## CERTIFICATE OF CONFERENCE

As required by TRAP 10.1(a)(5), I certify that I have conferred, or made a reasonable attempt to confer, with all other parties through Mr. Kyle Argenbright, Assistant Attorney General Litigation Division, Kyle.Argenbright@oag.texas.gov, about the merits of this motion. There was no response.

Date: December 12, 2025

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing document has been serviced by email to Mr. Kyle Argenbright, Assistant Attorney General General Litigation Division, Kyle.Argenbright@oag.texas.gov, on this December 12, 2025.

Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 109057558
Filing Code Description: Motion for Emergency Relief
Filing Description: Appellant???s Emergency Motion To Abate Appeal And Remand Case For Limited Evidentiary Hearing Regarding Fraud On The Court And Post-Judgment Event
Status as of 12/12/2025 4:45 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Johnny Partain | | partain@atlastechnologies.biz | 12/12/2025 4:17:36 PM | SENT |
| Kyle Argenbright | | Kyle.Argenbright@oag.texas.gov | 12/12/2025 4:17:36 PM | SENT |
| Chelsea Goodman | | chelsea.goodman@oag.texas.gov | 12/12/2025 4:17:36 PM | SENT |